IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JAY STRAUSS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  15-0900 |
| | : | |
| GHUMAN TRUCK SERVICE, INC., | : | |
| KAMALJIT SINGH, MANJINDER KAUR, | : | |
| DS TRANSPORT, and | : | |
| KAPOOR SATYEN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **APRIL 22, 2015**

Presently before this Court is Plaintiff, Jay Strauss' ("Plaintiff"), "Motion to Remand to State," Defendants, Ghuman Truck Service, Inc., Kamaljit Singh, Manjinder Kaur, DS Transport, and Kapoor Satyen's (collectively, "Defendants"), Response in Opposition, Plaintiff's Reply, and Defendants' Sur-Reply.  For the reasons set forth below, the Motion is denied.

**I.      BACKGROUND**

On March 12, 2014, Plaintiff filed a Complaint against Defendants in the Philadelphia County Court of Common Pleas for injuries he sustained as a result of a motor vehicle accident (the "accident") which occurred on March 23, 2012, in Lower Merion Township, Pennsylvania. See Compl. ¶¶ 1-8.  Plaintiff alleges damages "in excess of $50,000.00."  Id.  On February 23, 2015, Defendants removed this case to federal court on the grounds that complete diversity exists between the parties and that the amount in controversy exceeds $75,000.  (Defs' Not. Removal ¶ 12.)

Plaintiff is a resident of Merion, Pennsylvania. Compl. ¶ 1. The Complaint asserts that Defendants, Ghuman Truck Service, Inc. ("Ghuman Truck"), Kamaljit Singh ("Singh"), Manjinder Kaur ("Kaur"), DS Transport, and Kapoor Satyen ("Satyen"), are residents and/or have their principal places of business in the State of Illinois. Id. ¶¶ 2-6. The Complaint also asserts that Defendant, Alberto Vasquez ("Vasquez"), is a resident of the Commonwealth of Pennsylvania. Id. ¶ 7. Vasquez was, however, subsequently dismissed from this action by Stipulation of the Parties on February 11, 2015. (See Not. Removal, Ex. B.)

Defendants asserted in their Notice of Removal that this action did not become removable until Vasquez was dismissed, and that complete diversity now exists between the parties because Plaintiff is a resident of Pennsylvania and Defendants are all citizens of Illinois. (Id. ¶¶ 10, 13.) Defendants claim that jurisdiction is proper in federal court under 28 U.S.C. § 1332 because of complete diversity between the parties and that the amount in controversy is in excess of $75,000. (Id. ¶¶ 11-12.)

Plaintiff filed the instant Motion to Remand to State Court on March 24, 2015. (Doc. No. 3.) Defendants filed a Response in Opposition on April 3, 2015, and Plaintiff filed a "Surreply to Defendants' Response" on April 10, 2015. (Doc. Nos. 5, 7.) Subsequently, Defendants filed a Response to Plaintiff's Sur-Reply on April 13, 2015. (Doc. No. 9.)

## II. STANDARD OF LAW

Under 28 U.S.C. § 1441,[1] a defendant may remove "any civil action brought in a State

---

[1] 28 U.S.C. § 1441(b) states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the

2

court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  A district court retains original jurisdiction over a civil action where the litigation involves citizens of different States, and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 3332.[2]

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court.  Judge v. Phila. Premium Outlets, No. 10-1553, 2010 WL 2376122, at *2 (E.D. Pa. June 7, 2010).  Grounds for remand include:  "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel–Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Packard v. Provident National Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).  When faced with a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal

---

        parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

[2] 28 U.S.C. § 1332(a) provides in relevant part:

        The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–

            (1) citizens of different States. . .

28 U.S.C. § 1332(a).

jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. 99–929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)). Accordingly, "the removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III. DISCUSSION

#### A. Amount in Controversy

Plaintiff first asserts that Defendants have simply alleged that the amount in controversy in this action exceeds $75,000, and that an unsupported conclusion is not enough to remove the action. (Pl.'s Mot. Remand ¶¶ 21-22.) The determination of the amount in controversy begins with a reading of the complaint filed in state court. Samuel-Bassett, 357 F.3d at 398; see also Angus v. Shiley Inc., 989 F.3d 142, 145 (3d Cir. 1993) (asserting that the amount of controversy is generally decided from the face of the complaint). There is, however, a broad good faith requirement in a plaintiff's complaint with respect to the amount in controversy. See St. Paul Mercury Indem. Co., 303 U.S. 283, 288 (1938); see also Golden v. Golden, 382 F.3d 348, 354-55 (3d Cir. 2004). Good faith in this context is entwined with the "legal certainty" test, so that a defendant will be able to remove the case to federal court by "show[ing] to a legal certainty that the amount in controversy exceeds the statutory minimum[.]" Samuel–Bassett, 357 F.3d at 398; see also Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006).

Here, because the Complaint does not explicitly limit Plaintiff's damages to an amount

under the federal diversity threshold, we must independently appraise the value of his claims.[3] See Angus, 989 F.2d at 146. The Third Circuit has counseled that in reaching this determination the "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." Samuel-Bassett, 357 F.3d at 403. Moreover, even if a plaintiff states that his claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not. Id.; see also Morgan, 471 F.3d at 474-75.

On the face of the instant Complaint, Plaintiff seeks a judgment against Defendants in "an amount in excess of fifty thousand dollars ($50,000)." See Compl. However, we are of the opinion that Plaintiff has claimed serious injuries, medical expenses, and present and future wage loss that clearly indicate that the amount in controversy is in excess of $75,000. Plaintiff avers that, as a result of the accident, he suffered:

> severe personal and bodily injuries to his head, neck, back, left shoulder, left knee and surrounding body parts, including, but not limited to headaches, complex tear of the root and posterior horn of the medial meniscus requiring surgical repair, internal derangement of the left knee, internal derangement of the left shoulder, cervical strain and sprain, lumbosacral strain and sprain, left L5

---

[3] Although "[t]he plaintiff is the master of her claim," and, "may limit [his] monetary claims to avoid the amount in controversy threshold," the United States Court of Appeals for the Third Circuit ("Third Circuit") has cautioned that "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." Morgan, 471 F.3d at 474-77. Thus, even if a plaintiff states that his claims fall below the jurisdictional threshold amount, it is the duty of the District Court to make an independent inquiry into whether the plaintiff's claims exceed the amount in controversy threshold. Id.

>   radiculopathy, emotional distress and other injuries, both known
>   and unknown, all of which have caused him great pain and
>   suffering and agony and will continue to cause such pain, suffering
>   and agony into the future, as well as a loss of earnings and earning
>   capacity.

Compl. ¶ 14. Plaintiff also averred in the Complaint that he has suffered permanent injury and disability, and has incurred various medical expenses which may continue into the future. Id. ¶¶ 15-16.

In addition, Defendants have submitted a "Case Management Conference Memorandum" that was completed by Plaintiff for the Philadelphia Common Pleas Court. (Defs.' Resp., Ex. G.) Plaintiff indicated on this form that he had approximately $40,000 in medical bills to date, and that he has past and future wage loss that will be calculated by a vocational expert. (Id.) Plaintiff also made a demand in "[e]xcess of $2,000,000.00." (Id.) We are aware that a demand at a settlement conference is often "best seen as posturing" for negotiating purposes. See Ferguson v. Nobles, No. 14-1439, 2014 WL 1492266, at *2 (E.D. Pa. Apr. 15, 2014); see also Sfirakis v. Allstate Ins. Co., No. 91-3092, 1991 WL 147482, at *3 (E.D. Pa. July 24, 1991) (holding that a settlement demand for $300,000 is nothing more than posturing for negotiating purposes). However, we find that Plaintiff cannot make a convincing argument that the amount in controversy in this case is less than $75,000 when he has demanded damages in excess of two million dollars and claimed present medical expenses of $40,000 in the Philadelphia Court of Common Pleas. Moreover, we note that "posturing" with a $300,000 demand, as the plaintiff did in Sfirakis, is significantly less than posturing with a demand "in excess of $2,000,000"[4] as

---

[4] It is notable that Plaintiff does not argue in any of his filings that his demand "in excess of $2,000,000" was merely posturing for settlement purposes.

Plaintiff did in state court in this case. Id. Accordingly, for these reasons, we find that Defendants have established "to a legal certainty" that the amount in controversy in this action exceeds $75,000. See Samuel–Bassett, 357 F.3d at 398

### B. Diversity of Citizenship

Plaintiff also contends that Defendants have not established that complete diversity exists between the parties. (Pl.'s Mot. Remand ¶ 23.) Plaintiff asserts that Defendants have provided "no information whatsoever about the citizenship of Defendant, DS Transport, which is vaguely described as a 'business entity.'" (Id. ¶ 26.) Plaintiff further argues that Defendants' Notice of Removal provides no information about the domiciles of the individual Defendants. (Id. ¶ 27.)

"Mere" residence in a state is not enough for the purposes of diversity. Sun Printing & Pub., Ass'n. v. Edwards, 194 U.S. 377 (1904); Krasnov v. Dinan, 456 F.2d 1298 (3d Cir. 1972). It is the concept of "domicile" that is controlling. Reynolds v. Adden, 136 U.S. 348 (1890). A person's domicile is that place where he has his true, fixed and permanent home and establishment, and to which he has the intention of returning whenever he is absent therefrom. Michelson v. Exxon Research and Eng'g Co., 578 F. Supp. 289, 290 (W.D. Pa. 1984); Husak v. Rasman, et al., No. 88-2421, 1989 WL 13688, at *2 (E.D. Pa. Feb. 16, 1989); 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3612 (1975).

"In determining domicile, a court may consider a variety of factors including voting registration and voting practice, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, residence claimed for tax purposes, place of employment or business, driver's license and automobile registration, payment of taxes, designations of wills and other legal documents of considered citizenship." Swinger v.

Allegheny Energy, Inc., No. 05-5725, 2006 WL 1409622, at *4 (E.D. Pa. May 19, 2006); see also McCracken v. Murphy, 129 F. App'x 701, 702 (3d Cir. 2005); Blackwood Inc. v. Ventresca, No. 00-3112, 2002 WL 31898887, at *7 (E.D. Pa. Dec. 19, 2002).

Moreover, it is well-settled that in evaluating the propriety of removal, a court is permitted to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where those facts clarify or correct technical deficiencies in the allegations contained in the original notice. USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir.2003); see also Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969). A court may also engage in factual analysis beyond the pleadings to determine if it has subject matter jurisdiction Id.

Here, Defendants have submitted affidavits from individual Defendants, Singh, Kaur, and Satyen attesting that their domiciles are in the State of Illinois. (Defs.' Resp., Exs. I, J, K.) In addition, Defendants have submitted affidavits from Singh and Kaur attesting that the principal places of business of Ghuman Truck and DS Transport are in Illinois. (Id. Exs. B, C.) Defendants have also submitted additional documentation indicating that the individual Defendants, Ghuman Truck, and DS Transport all are domiciled in Illinois. (Id., Exs. A, D, E, F, G, H.) We are satisfied by these affidavits and other submissions that there is complete diversity of citizenship between the parties.

Regarding Singh and Kaur as individual Defendants, both submitted affidavits attesting that they are citizens of the United States and the State of Illinois. (Id., Ex. I, J.) They further state that they resided in Illinois at the time of the accident and have continued to live there since. (Id., Exs. I-J.) Defendants have also submitted documentation confirming that Singh and Kaur

are registered to vote in Illinois.  (Id., Ex. H.)

Satyen also submitted an affidavit attesting that he is a citizen of the United States and the State of Illinois.  (Id., Ex. K.)  He further states that he lived in Illinois at the time of the accident and intends to continue to live in Illinois.  (Id.)  He also states that he is registered to vote in Illinois.  (Id.)  Moreover, the Commonwealth of Pennsylvania's "Police Crash Report" from the accident indicates that Satyen had an Illinois driver's license at the time of the accident.  (Id., Ex. D.)  Defendants also submitted documentation confirming that Satyen is registered to vote in Illinois.  (Id., Ex. F.)

Regarding Ghuman Trucking, Defendants have submitted a "Certificate of Good Standing" from the State of Illinois indicating that Ghuman Trucking has been incorporated in Illinois since 2005.  (Id., Ex. A.)  The Certificate also reflects that Singh is the president of Ghuman Trucking, and that its address is in Carpentersville, Illinois.  (Id.)  In addition, Singh has submitted an affidavit stating that he is the president and principal shareholder of Ghuman Trucking and that its principal place of business is in Carpentersville, Illinois.  (Id., Ex. B.)

As to DS Transport, Kaur submitted an affidavit stating that, at the time of the accident, she operated a business known as DS Transport and that DS Transport "was not a corporation, LLC or LLP."  (Id., Ex. C.)  She added that the "principal and only place of business for DS Transport" was in Carpentersville, Illinois.  (Id.)  It is settled law that when an unincorporated association sues or is sued in federal court, its citizenship for diversity purposes is deemed to be that of each of its members.  United Steelworkers of America v. R. H. Bouligny, Inc., 382 U.S. 145, 150 (1965); Plechner v. Widener College, 569 F.2d 1250, 1261 (3d Cir. 1977).  Here, because Kaur is a citizen of Illinois, DS Transport is also considered to be a citizen of Illinois.

9

Accordingly, we find complete diversity between the parties.

### C. Judicial Economy

Finally, Plaintiff argues that considerations of "efficiency, fairness and judicial economy weigh against removal of this case." (Pl.'s Mot. Remand at 5.) Since the case was commenced more than a year ago on March 12, 2014, a case management order was entered on June 17, 2014, and the parties have engaged in discovery, Plaintiff asserts that it would be "inefficient, costly, and a waste of judicial resources to transfer this case" at this stage of the proceedings. (Id. ¶¶ 36-39.) This argument, however, is without merit.

As noted earlier, Defendants assert that this case became removable on February 11, 2015, when Defendant Vasquez, a resident of Pennsylvania, was dismissed from this action by Stipulation of the Parties. (See Not. Removal, Ex. B.) We agree. Clearly, when Plaintiff agreed to dismiss Vasquez, Defendants were able to timely exercised their right to remove this action to federal court because complete diversity between the parties now existed.

### IV. CONCLUSION

In light of the aforementioned findings, we hold that the requirements for removal under § 1331 have been satisfied in this case. Consequently, Plaintiff's Motion to Remand back to state court is denied.

An appropriate Order follows.